# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER: 8:07-cr-454-T-30TGW |
| vs. | USM NUMBER: 49929-018 |
| ARCHIE A. HOLMES | Defendant's Attorney: John Edward Fernandez, cja. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE and FOUR of the FIRST SUPERSEDING INDICTMENT.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(vii) | Conspiracy to Possess with Intent to Distribute and Distribute 1000 Kilograms or More of Marijuana and 5 Kilograms or More of Cocaine | 2007 | One |
| 18 U.S.C. § 924(c)(1)(A)(I) | Possession of Firearms During a Drug Trafficking Crime | November 15, 2007 | Four |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
X  Count(s) FIVE of the Superseding Indictment is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 29, 2008

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: July 30, 2008

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: ARCHIE A. HOLMES | Judgment - Page 2 of 6 |
| Case No.: 8:07-cr-454-T-30TGW | |

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and THIRTY (130) MONTHS as to Counts One and Four of the First Superseding Indictment. This term consists of SEVENTY (70) MONTHS as to Count One of the First Superseding Indictment and a consecutive SIXTY (60) MONTHS as to Count Four of the First Superseding Indictment.

X   The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Coleman (FL), if possible.

X   The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

   __ at __ a.m./p.m. on __.
   __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   __ before 2 p.m. on __.
   __ as notified by the United States Marshal.
   __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                                    _____
                                                    United States Marshal

                                                By: _____
                                                    Deputy United States Marshal

Defendant: ARCHIE A. HOLMES  
Case No.: 8:07-cr-454-T-30TGW  
Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Counts One and Four of the First Superseding Indictment, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: ARCHIE A. HOLMES
Case No.: 8:07-cr-454-T-30TGW

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X    The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

| Defendant: | ARCHIE A. HOLMES | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:07-cr-454-T-30TGW | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $200.00 | Waived | N/A |

&ndash; The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

&ndash; The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

&ndash; Restitution amount ordered pursuant to plea agreement  $ _____.

&ndash; The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

&ndash; The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   &ndash; the interest requirement is waived for the ___ fine ___ restitution.

   &ndash; the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: ARCHIE A. HOLMES | Judgment - Page 6 of 6 |
| Case No.: 8:07-cr-454-T-30TGW | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__   Lump sum payment of $ _200.00_ due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___   The defendant shall pay the cost of prosecution.

___   The defendant shall pay the following court cost(s):

__X__   The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Court makes final the Preliminary Order of Forfeiture and makes it part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 8:07-cr-454-T-30TGW

ARCHIE HOLMES,
    a/k/a "Nerk,"

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion (Dkt. #390) of the United States of America for Entry of a Preliminary Order of Forfeiture which shall be a Final Order as to defendant Archie Holmes' right, title and interest in the following firearms and ammunition:

    A.    CN Romarm, 7.62 caliber firearm, serial number AC-1506-80, loaded with a magazine;

    B.    Remington Model 870, 12 gauge shotgun, serial number D49190M, loaded with five rounds;

    C.    H&R .32 caliber revolver, Model 73, serial number AU015501;

    D.    An unidentified make/model, 7.62 caliber rifle, with scope and loaded magazine, serial number 10054345;

    E.    Ruger .22 caliber handgun with magazine, serial number 12-05919;

    F.    Glock Model 26 pistol, 9mm, with magazine, serial number LHF 100; and

    G.    Ruger .22 caliber handgun with magazine, serial number NRA-11376.

Being fully advised in the premises, the Court finds:

WHEREAS, the United States has established the requisite *nexus* between the firearms and ammunition identified above and the weapons offense charged in Court Four of the First Superseding Indictment, to which the defendant pled guilty, the government is now entitled to possession of the subject firearms and ammunition pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853[incorporated by 28 U.S.C. § 2461(c)], and Rule 32.2(b)(2), Fed. R. Crim. P. Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED**

1. That the Motion (Dkt. #390) of the United States is GRANTED;

2. That all right, title, and interest of defendant Archie Holmes in the above-listed assets are hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853;

3. That, following entry of this order, the United States will, pursuant to 21 U.S.C. § 853(n), publish (in such manner as the Attorney General may direct) notice thereof and its intent to dispose of the forfeited properties. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the above-described assets, as substitute for published notice as to those persons so notified;

4. That any person, other than defendant Archie Holmes, who has or claims any right, title, or interest in the above-described assets must file a petition with

the Court for a hearing to adjudicate the validity of his or her alleged interest in the forfeited asset. The petition is to be mailed to the Clerk of the United States District Court, Tampa Division, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier;

5. That the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset, and any additional facts surrounding the petitioner's claim and relief sought;

6. That, after receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner's alleged interest in the forfeited asset;

7. That, upon adjudication of all third-party interests in the above-described assets, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, in which all interests will be addressed.

The court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of the firearms and ammunition and to entertain any claims or petitions that may be asserted in the ancillary proceeding.

**DONE and ORDERED** in Tampa, Florida on July 28, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2007\07-cr-454.forfeiture.Archie Holmes.wpd

3